IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
-------------------------------------------------------X
DAN-BUNKERING (AMERICA) INC.          :
                                      :
          Plaintiff,                  :       4:19-CV_____
    vs.                               :
                                      :
VITOL INC.,                           :
                                      :
          Defendant.                  :
-------------------------------------------------------X
```

## ORIGINAL COMPLAINT

Plaintiff, DAN-BUNKERING (AMERICA) INC. (hereinafter "DAN-BUNKERING AMERICA" or "Plaintiff"), by and through its attorneys, Chalos & Co, P.C., and files this Original Complaint against Defendant VITOL INC. (hereinafter "VITOL" or "Defendant"), and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is an action arising out of the manufacture, sale, supply and delivery of marine fuel (the "bunkers") which were supplied by VITOL to the M/V METEORA.

2. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, as Plaintiff asserts claims for breach of a maritime contract arising from the sale and supply of bunkers by Defendant. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for claim of breach of a maritime contract. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's non-maritime claims to the extent that they are so related to the maritime claims that they form part of the same case or controversy.

3.  Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the Defendant is located in the Southern District of Texas and regularly conducts business in the Southern District of Texas.

## THE PARTIES

4.  At all times material hereto, Plaintiff DAN-BUNKERING AMERICA was and still is a domestic Texas corporation with an address at 840 Gessner, Suite 210, Houston Texas 77024.

5.  At all times material hereto, Defendant VITOL was and still is a foreign corporation authorized to do business in Texas and headquartered in Houston, Texas with an address at 2925 Richmond Avenue, 11th Floor, Houston, Texas 77098.  VITOL has appointed CT Corporation System as its agent for service of process.

## THE FACTS

6.  Non-party Omegra Shipping Pte. Ltd. ("Omegra"), disponent owners of the M/V METEORA (hereinafter " M/V METEORA" or the "Vessel") contracted with A/S Dan-Bunkering Ltd. to provide 1,200 – 1,600 metric tons ("Mts") FO 380 CST – max 3.50% (Specification: RMG380 ISO2010), and 50 – 100 Mts. MGO 0.10% (Specification: DMA) to be delivered to the M/V METEORA at port of New Orleans, LA from 1 – 5 July 2018.

7.  On back-to-back terms, A/S Dan-Bunkering Ltd. entered into a contract with Dan Bunkering Middle East-DMCC for the supply of bunkers to the M/V METEORA.  In turn, Dan Bunkering Middle East-DMCC entered into a bunker supply contract with DAN-BUNKERING AMERICA.

8.  In each contract, the marine fuel products were specifically required to meet ISO8217:2010 specifications and conform to Regulations 14 and 18 of Annex VI of MARPOL 73/78, as is industry standard.

9. On or about June 22, 2018, Plaintiff DAN-BUNKERING AMERICA contracted with the Defendant to supply the bunker fuel to the M/V METEORA. A copy of the Bunker Confirmation is attached hereto as **Exhibit 1**.

10. The bunkers were delivered and supplied to the M/V METEORA on or about July 4, 2018 in the port of New Orleans. A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 2**. In total, 1,298.54 metric tons of IFO 380 and 60.01 metric tons of MGO were delivered to the Vessel. *Id*.

11. DAN-BUNKERING AMERICA paid VITOL for the fuel supplied to the M/V METEORA as required under the bunker supply contract.

12. Prior to the use of the bunkers supplied by Defendant, the samples were tested on or about July 13, 2018 by Maritec Pte. Ltd. ("Maritec"). According to the Vessel's head owners, AS Klaveness, the Maritec report of bunker fuel sample testing showed traces of fatty and rosin acids present in the bunker samples, in addition to high levels of zinc and phosphorus, indicating the presence of, among other things, waste lube oil.

13. In short, the bunker fuel supplied by Defendant was contaminated and could not be used for its intended purpose. AS Klaveness, as owners of the Vessel, refused to permit the bunkers to be used on the M/V METEORA.

14. Defendant was notified that the fuel supplied to the M/V METEORA was off-specification and/or not compliant with the requirements of the bunker supply contract. Defendant failed to provide bunkers in full compliance with ISO 8217:2010 specifications, in particular sub-clause 5.3 which provides: "Marine fuels shall be free from any material that renders the fuel unacceptable for use in marine applications."

15. In addition, the Bunker Delivery Receipt states the following, "The fuel oil supplied is in conformity with regulation 14(1) or 4(a) and regulation 18(1) of MARPOL Annex VI." *See* **Exhibit 2**.

16. Defendant's failure to provide bunker fuel in accordance with clause 5 of ISO 8217 and MARPOL Annex VI section 18.1 as represented in the Bunker Sales Confirmation and Bunker Delivery Note is a material breach of the contract and entitles Plaintiff to damages. The contaminants contained in the bunker fuel rendered the bunkers unusable for its intended purposes and is therefore a breach of the contract.

17. The bunkers were ultimately required to be de-bunkered as head owners refused to permit their use on the Vessel. Omegra has claimed the value of the lost bunkers, plus other additional voyage costs and lost time damages.

18. DAN-BUNKERING AMERICA is entitled to indemnity from VITOL as it was Defendant which actually fulfilled the order to provide bunkers (albeit off-spec bunkers) to the METEORA, pursuant to the bunker supply contract between DAN-BUNKERING AMERICA and VITOL.

19. As a result of the Defendant's breaches of the bunker supply contract, the Plaintiff has sustained damages by the contaminated bunkers provided to the M/V METEORA in an amount of not less than $612,070.27, exclusive of interest, costs, and attorney's fees.

20. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff for its breaches of the bunker supply contract.

## COUNT I – BREACH OF CONTRACT

21. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

22. DAN-BUNKERING AMERICA and VITOL formed a contract for the sale and purchase of bunkers to be supplied to the M/V METEORA.

23. VITOL breached that contract by delivering to the Vessel bunkers which were contaminated, defective, and/or off-spec and which were not suitable for use and Plaintiff has suffered damages of not less than $612,070.27 as a result of Defendant's breach.

## COUNT II – BREACH OF WARRANTIES

24. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

25. VITOL specifically and expressly warranted that the bunkers would meet the standard specifications for marine fuel set forth in ISO 8217.2010, as is customary in the industry.

26. VITOL further expressly represented and warranted that the bunkers were compliant with MARPOL Annex VI section 14 and 18.1.

27. The bunkers VITOL sold to DAN-BUNKERING AMERICA and delivered to the Vessel were off-spec and dangerous to use.

28. The bunkers did not meet the standards and specifications for marine fuel set forth in ISO 8217.2010 or MARPOL Annex VI.

29. The amount of Plaintiff's damages resulting from VITOL's breach of contract may be finally determined by this Court, but are in excess of $612,070.27.

30. Furthermore, the bunkers were defective, not suitable for use, dangerous, and did not reasonably conform with the ordinary buyer's expectations. As such, VITOL breached the implied warranties of fitness and merchantability.

31. As a direct result of VITOL's breach of warranty, the Vessel's operations were disrupted and/or delayed causing damages in an amount that may be finally determined by this Court.

32. The amount of DAN-BUNKERING AMERICA's damages resulting from VITOL's breach of warranties may be finally determined by this Court, but are in excess of $612,070.27.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint, failing which default judgment be entered against Defendant;

B. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

C. That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

Respectfully submitted,

Dated: November 27, 2019
Houston, Texas

CHALOS & CO, P.C.

By: /s/ Briton P. Sparkman
Briton P. Sparkman
SDTX Federal Id No. 1148116
Margaret L. Manns
SDTX Federal Id No. 24091010
7210 Tickner Street
Houston, TX 77055
PH: (713) 574-9582
FX: (866) 702-4577

*Attorneys For DAN-BUNKERING (AMERICA) INC.*